IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Hasani Faison, et al., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | NO. 07-67 |
| | § | |
| Texas EZPAWN, L.P., | § | |
| | § | |
| Defendant. | § | |

DEFENDANT'S MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Texas EZPAWN, L.P. ("EZPAWN") files its Motion to Dismiss and Answer and Affirmative and Other Defenses to Plaintiffs' Original Complaint.

MOTION TO DISMISS

BACKGROUND

The plaintiffs in this action were originally parties to a Fair Labor Standards Act (FLSA) collective action in the United States District Court for the Southern District of Texas, Victoria Division styled *Erasmo Reyes, individually and on behalf of all others similarly situated, v. Texas EZPAWN, L.P.*, C.A. No. V-03-128. On January 8, 2007, the Court in the *Reyes* matter granted EZPAWN's motion to decertify the class and dismissed all plaintiffs except for Reyes from that action on the basis that the plaintiffs were not similarly situated and thus, their claims were not appropriate for collective treatment. *See generally Exhibit A*. Instead of filing individual actions, forty-one plaintiffs from the *Reyes* action filed this action in the Galveston Division of the Southern District of Texas, a forum with no direct relationship to most of the

plaintiffs or their claims. EZPAWN now moves to dismiss this action as a an attempt to avoid the holding of Judge Rainey's decertification order.

ARGUMENT & AUTHORITIES

I.  The Plaintiffs Are Estopped From Filing a Multi-Party Action

Though not styled as a collective action under the FLSA, the plaintiffs' multi-party complaint circumvents Judge Rainey's prior holding that the plaintiffs' FLSA misclassification claims are not amenable to collective treatment. Judge Rainey has already determined, with respect to the particular plaintiffs in the present case, that "due to the numerous factual differences in each Plaintiff's case, requiring a highly fact-specific inquiry...fairness and procedural considerations weigh against certifying this class." *Exhibit A at p. 15*.

Based on Judge Rainey's prior ruling, EZPAWN asks the Court to find that the plaintiffs are estopped from attempting to proceed jointly. Plaintiffs' attempt to avoid the consequences of the decertification order by jointly filing an action will result in EZPAWN's having to relitigate issues previously ruled upon in its favor and against the same plaintiffs.[1] Therefore, this Court should dismiss this action and direct the plaintiffs to file individual actions in the federal districts in Texas where the plaintiffs reside or worked for EZPAWN.

II.  The Plaintiffs' Claims Do Not Qualify for Joinder Under the Federal Rules

Procedural considerations also support prohibiting the plaintiffs from proceeding jointly with their claims. The Federal Rules of Civil Procedure provide that "[p]arties may be dropped or added … on motion of any party … at any stage of the action and on such terms that are just." FED. R. CIV. P. 21. Rule 21 also provides that "[a]ny claim against a party may be severed and

---

[1] In addition to having to relitigate issues related to propriety of joint treatment of the plaintiffs' claims, the Plaintiffs' Original Complaint seeks application of a three-year statute of limitations to their misclassification claims despite the fact that Judge Rainey has already ruled that a two-year statute of limitations applies to their claims. *See Reyes v. Texas EZPAWN, L.P.*, 459 F. Supp. 2d 546, 566 (S.D. Tex. 2006).

proceeded with separately." FED. R. CIV. P. 21.  The severance of claims and/or parties under Rule 21 "creates … separate actions or suits where previously there was but one." *U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983); *see also Allied Elevator, Inc. v. East Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992).  The severed claims then proceed "as … discrete, independent action[s], and a court may render … final, appealable judgment[s] in [any] one of the resulting … actions notwithstanding the continued existence of unresolved claims in the other[s]." *Id.*

Rule 21 can, and should, be read concurrently with Rule 20, which sets forth the requirements for joinder.  Rule 20 requires that before multiple plaintiffs are allowed to join in one lawsuit, they must establish that:  (1) their claims arise from the same transaction and occurrence; <u>and</u> (2) there is a question of law or fact common to all plaintiffs.  FED. R. CIV. P. 20.  <u>Both</u> requirements must be satisfied to support joinder.  *Id.*  If parties are improperly joined, Rule 21 provides that "[a]ny claim against a party may be severed and proceeded with separately."  *Henderson v. AT&T Corp.,* 918 F. Supp. 1059, 1062 (S.D. Tex. 1996).

Consolidation requires common issues of law and fact.  *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).  It is not enough that suits involve a common defendant if the factual and legal issues are otherwise unrelated.  *Enterprise Bank v. Seattele*, 21 F.3d 233, 236 (8th Cir. 1994).  Judge Rainey's decertification order has already determined that the employment experiences of the plaintiffs varied depending on their particular supervisors and the location of their stores.  *Exhbit A at pp. 10-11*.  Moreover, Judge Rainey ruled that the legal analysis of each plaintiff's misclassification claim requires "an individual, fact-specific analysis of each ASM's job responsibilities."  *Exhibit A at p. 13*.  The plaintiffs' claims simply do not share common issues of law and fact.  Consequently, the plaintiffs are improperly joined and

their claims should be dismissed with instructions to file individual actions, as intended by Judge Rainey's decertification order.

### III. Alternatively, Separate Trials Are Necessary

In the event this Court determines that plaintiffs and their claims are properly joined, this Court may, in its discretion, order separate trials under Rule 42(b). To determine whether to order separate trials, a court should consider: (1) whether separate trials would be in furtherance of convenience; (2) whether separate trials would avoid prejudice; (3) whether separate trials would be conducive to expedition and economy; (4) whether separate trials would simplify the issues for the jury and reduce the danger of unnecessary jury confusion; and (5) whether the issues are clearly separable. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

Allowing the plaintiffs' to proceed jointly in prosecution of their claims is inherently unmanageable. For example, without separate trials, the Court will be effectively precluded from using Rule. 403 of the Federal Rules of Evidence to prevent the irrelevant, unfairly prejudicial testimony which may be appropriate to one paintiff's claim from spilling over into the others. *Moorhouse v. The Boeing Co.,* 501 F. Supp. 390, 393 (E.D. Pa.), aff'd, 639 F.2d 774 (3d Cir. 1980); *see also Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1221 (5th Cir. 1995) (anecdotal testimony of other witnesses with different supervisors in different parts of company too attenuated to be relevant). Indeed, Judge Rainey's decertification order specifically stated:

> In light of the individual analysis each Plaintiff's claim will require, the judicial efficiency of having essentially forty plus mini-trials clearly outweighs any potential benefits in proceeding as a collective action. The Plaintiffs' claims are not amenable to generalized evidence and the Court would not be able to 'coherently manage' the class without potentially prejudicing the parties.

[15]. Therefore, this Court should, at the least, order separate trials for any plaintiff who manages to survive summary judgment.

ANSWER

Without waiving its defenses or objections noted herein, EZPAWN answers the Plaintiffs' Original Complaint in paragraphs that correspond by number as follows:

I.   Overview.

1. EZPAWN admits that this action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, but denies the existence of any unpaid overtime wages due the plaintiffs.

2. EZPAWN admits that it employed the plaintiffs as assistant store managers. EZPAWN denies the remaining allegations contained in paragraph 2 of the Plaintiffs' Original Complaint.

3. EZPAWN denies the allegations contained in paragraph 3 of the Plaintiffs' Original Complaint.

4. EZPAWN denies the allegations contained in paragraph 4 of the Plaintiffs' Original Complaint.

II.   Parties

5. EZPAWN admits that it employed the plaintiffs as assistant store managers within the meaning of the FLSA. EZPAWN denies the remaining allegations contained in paragraph 5 of the Plaintiffs' Original Complaint and specifically denies that a three year statute of limitations should be applied to the plaintiffs' claims.

6. EZPAWN admits that it may be served with process by serving its registered agent CT Corporation System at 1021 Main Street, Suite 1150, Houston, Texas 77002. EZPAWN denies the remaining allegations in paragraph 7 of the Plaintiffs' Original Complaint.

III.   Juridiction

7. EZPAWN admits this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331. EZPAWN admits that the plaintiffs bring claims under §§ 7(a)(1) and 16(b)

of the FLSA, but denies that those claims have any merit. EZPAWN also admits that the court has personal jurisdiction over it and that it employed the plaintiffs. EZPAWN further admits that it owns and operates retail establishments within the State of Texas. EZPAWN denies the remaining allegations contained in Paragraph 7 of the Plaintiffs' Original Complaint.

IV.   Venue

8.   EZPAWN denies the allegations contained in paragraph 8 of the Plaintiffs' Original Complaint.

V.   Coverage Under the FLSA

9.   EZPAWN admits the allegations contained in paragraph 9 of the Plaintiffs' Original Complaint.

10.   EZPAWN admits the allegations contained in paragraph 10 of the Plaintiffs' Original Complaint.

11.   EZPAWN admits the allegations contained in paragraph 11 of the Plaintiffs' Original Complaint.

12.   EZPAWN admits the allegations contained in paragraph 12 of the Plaintiffs' Original Complaint.

VI.   Alleged Facts

13.   EZPAWN admits the allegations contained in paragraph 13 of the Plaintiffs' Original Complaint.

14.   EZPAWN denies the allegations contained in paragraph 14 of the Plaintiffs' Original Complaint.

15.   EZPAWN denies the allegations contained in paragraph 15 of the Plaintiffs' Original Complaint.

16.     EZPAWN denies the allegations contained in paragraph 16 of the Plaintiffs' Original Complaint.

17.     EZPAWN lacks sufficient information to admit or deny the particular tasks engaged in by each of the plaintiffs during their working hours while employed by EZPAWN, and therefore denies the allegations contained in paragraph 17 of the Plaintiffs' Original Complaint.

### VII.    Alleged FLSA Violations

18.     EZPAWN denies the allegations contained in paragraph 18 of the Plaintiffs' Original Complaint.

19.     EZPAWN denies the allegations contained in paragraph 19 of the Plaintiffs' Original Complaint.

20.     EZPAWN denies the allegations contained in paragraph 20 of the Plaintiffs' Original Complaint.

### VIII.    Notice of Related Action

21.     EZPAWN admits the allegations contained in paragraph 21 of the Plaintiffs' Original Complaint.

### IX.    Jury Demand

22.     EZPAWN admits that the plaintiffs demand a trial by jury, but deny the existence of any triable issues.

### X.    Relief Sought

23.     EZPAWN denies that the plaintiffs are entitled to relief, including the relief sought in paragraph 23 of the Plaintiffs' Original Complaint and each of its sub-paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing admissions and denials, EZPAWN pleads the following defenses and reserves the right to plead additional defenses that may become apparent during the defense of this case:

### FIRST DEFENSE

The Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs were at all relevant times exempt from the overtime obligations of the FLSA as provided in, but not limited to, 29 U.S.C. § 213(a)(1).

### THIRD DEFENSE

EZPAWN acted in conformity with interpretations of the FLSA.

### FOURTH DEFENSE

Any alleged violations of the FLSA are barred, in whole or part, by the applicable statutes of limitations, including, but not limited to, 29 U.S.C. § 255.

### FIFTH DEFENSE

EZPAWN's actions were conducted in good faith and with reasonable grounds for believing that their actions were not in violation of the FLSA, and EZPAWN did not willfully violate the FLSA; therefore, liquidated damages should not be awarded as provided in 29 U.S.C. § 260.

### SIXTH DEFENSE

Any alleged violations of the FLSA were not willful and therefore, any claims for overtime pay are limited to the two-year statute of limitations stated in 29 U.S.C. § 255.

## SEVENTH DEFENSE

The plaintiffs claims are precluded from claiming the application of a three-year statute of limitations based on a prior judicial decision holding that their claims were subject to a two-year statute of limitations.

## EIGHTH DEFENSE

The plaintiffs are only entitled to one satisfaction for any established unlawful conduct.

## NINTH DEFENSE

The plaintiffs have failed to mitigate damages, if any, as required by law.

## TENTH DEFENSE

Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

## ELEVENTH DEFENSE

The plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

## TWELFTH DEFENSE

The plaintiffs are collaterally estopped from seeking collective or joint relief.

## THIRTEENTH DEFENSE

The plaintiffs are not sufficiently numerous and do not have sufficient common or typical issues to warrant collective relief.

## FOURTEENTH DEFENSE

Neither the plaintiffs nor their claims have any relationship to the Galveston Division of the Southern District of Texas.

CONCLUSION

WHEREFORE, having fully answered, EZPAWN prays that this action be dismissed, that the plaintiffs take nothing by their action, that EZPAWN be awarded its costs of court and reasonable attorneys' fees, and that EZPAWN have such other and further relief, general and specific, legal and equitable, to which it is justly entitled.

| | |
|---|---|
| Of Counsel:<br>Eve Mantell McFadden<br>State Bar No. 24043800<br>Federal I.D. No. FID 36257<br>LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>1301 McKinney Street<br>Suite 1900<br>Houston, TX  77010<br>713.951.9400 (Telephone)<br>713.951.9212 (Telecopier)<br>and<br>Douglas W. Poole<br>State Bar No. 16115600<br>MCLEOD ALEXANDER POWEL & APPFEL, P.C.<br>802 Rosenberg<br>P.O. Box 629<br>Galveston, Texas 77553<br>409.763.2481 (Telephone)<br>409.762.1155 (Telecopier) | Respectfully submitted,<br><br>/s/ *Kerry E Notestine*<br>Kerry E Notestine (Attorney-in-Charge)<br>State Bar No. 15116950<br>Federal I.D. No. FID 2423<br>LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>1301 McKinney Street<br>Suite 1900<br>Houston, TX  77010<br>713.951.9400 (Telephone)<br>713.951.9212 (Telecopier)<br><br>ATTORNEYS FOR DEFENDANT<br>TEXAS EZPAWN, L.P. |

- 11 -

## CERTIFICATE OF SERVICE

I certify that I sent a copy of Defendant's Motion to Dismiss and Answer and Affirmative and Other Defenses to Plaintiffs' Original Complaint to the following via certified mail, return receipt requested, on March 8, 2007:

Michael A. Josephson
Fibich, Hampton, Leebron & Garth, LLP
1401 McKinney, Suite 1800
Houston, Texas 77010

Kurt B. Arnold
Arnold & Itkin, LLP
1401 McKinney, Suite 2550
Houston, Texas 77002

*/s/ Kerry E. Notestine*
Kerry E Notestine

- 11 -