IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Hasani Faison, et al., | § § | |
| Plaintiffs | § § | |
| vs. | § § | NO. 07-67 |
| Texas EZPAWN, L.P., | § § | |
| Defendant. | § § § § § | |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant Texas EZPAWN, L.P. ("EZPAWN") files its Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and respectfully shows the Court as follows:

### SUMMARY OF REPLY

In their Response to EZPAWN's Motion to Dismiss this action, Plaintiffs attempt to convince the Court that joining their forty-one individual claims together in a single lawsuit is consistent with an order from their previous lawsuit against EZPAWN refusing to allow Plaintiffs' claims to proceed collectively. However, as demonstrated below, Plaintiffs merely rehash unsuccessful arguments from their first suit against EZPAWN. Indeed, Plaintiffs fail to carry their burden of proving that their claims have been properly joined and do not cite a single rationale supporting the propriety of this action that has not been previously rejected in Plaintiffs' first lawsuit against EZPAWN. Plaintiffs simply have no justification for violating a prior court order preventing them from pursuing their claims as a group, and therefore, the Court should dismiss this action.

ARGUMENT & AUTHORITIES

I.      Plaintiffs Cannot Reasonably Claim Their Second Lawsuit Complies With the Spirit of
        Judge Rainey's Decertification Order

Prior to this action, Plaintiffs opted into a Fair Labor Standards Act (FLSA) collective

action in the United States District Court for the Southern District of Texas, Victoria Division

styled *Erasmo Reyes, individually and on behalf of all others similarly situated, v. Texas

EZPAWN, L.P.*, C.A. No. V-03-128.  The Court in the *Reyes* matter granted EZPAWN's motion

to decertify the class and dismissed all plaintiffs except for Reyes from that action on the basis

that the plaintiffs were not similarly situated and therefore, their claims should not proceed

collectively.  *See generally Docket No. 6, Exhibit A (hereinafter Decertification Order)*.  Instead

of filing individual actions, forty-one plaintiffs from the *Reyes* action filed this action.

Plaintiffs attack EZPAWN's Motion to Dismiss as advancing a "novel legal theory" in

asking the Court to prevent them from proceeding with their claims as a group.  *See Docket No. 9

at p. 3*.  However, in moving to dismiss Plaintiffs' improper action, EZPAWN merely applies

logic and common sense to Plaintiffs' disingenuous gamesmanship.   Plaintiffs attempt to

convince the Court that their participation in the present action somehow differs from their

participation in the *Reyes* action.  In support of this argument, the Plaintiffs state that they "allege

only 'individual causes of action and seek individual relief in the form of individual damage

claims.'"  *Docket No. 9 at p. 3*.  Plaintiffs' argument ignores that, as opt-in plaintiffs in the *Reyes*

action, they alleged only individual causes of action and could only receive individual relief for

their claims.[1]   Merely because they have not styled their lawsuit as a "collective action" under

---

[1] As opt-in plaintiffs in the *Reyes* collective action, the Plaintiffs only sought vindication of their individual claims.
In an opt-in collective action, as opposed to a class action under Rule 23, an opt-in plaintiff becomes a party-plaintiff
upon the filing of a consent to join the collective action.  In other words, contrary to the implication of Plaintiffs'
Response to EZPAWN's Motion to Dismiss, Plaintiffs did not and could not represent any interests other than their
own by their participation in the *Reyes* action.

the Fair Labor Standards Act fails to negate the fact that, just as before, they are attempting to proceed as a group with their individual claims, contrary to Judge Rainey's prior order decertifying their claims from proceeding collectively.

Plaintiffs also attempt to rely on the absence of a specific directive from Judge Rainey in the Decertification Order telling them to file individual actions. *See Docket No. 9 at p. 3*. However, Judge Rainey's order allowed for a thirty-day tolling of the statute of limitations for "**individual** opt-in Plaintiffs who may choose to file their **own** cases." *Docket No. 6, Exhibit A at p. 16 (emphasis added)*. Further, Plaintiffs stretch logic (and reality) by arguing that Judge Rainey's finding that a collective action involving more than fifty opt-in plaintiffs is procedurally unmanageable, but forty-one of the same opt-in plaintiffs may join together and file a second lawsuit.

By filing a forty-one plaintiff action, plaintiffs and EZPAWN find themselves in an almost identical position as prior to Judge Rainey's Decertification Order. Plaintiffs cannot reasonably argue to this Court that Judge Rainey intended for the decertified plaintiffs to simply file another, nearly identical lawsuit.[2] EZPAWN respectfully asks the Court to dismiss the Plaintiffs multi-party lawsuit and direct them to comply with Judge Rainey's order.

II.     The Plaintiffs Have Failed to Meet Their Burden of Proving Proper Joinder

As pointed out by EZPAWN in its Motion to Dismiss, Rule 20 requires that, before multiple plaintiffs are allowed to join in one lawsuit, **they** must establish that: (1) their claims arise from the same transaction and occurrence; <u>and</u> (2) there is a question of law or fact

---

[2] EZPAWN also strongly objects to the misleading claim in Plaintiffs' Reply that they "have already defeated Defendant's motion for summary judgment in the underlying [*Reyes*] case." *See Docket No. 9 at p. 2, 5*. In denying EZPAWN's summary judgment motion in the *Reyes* case, Judge Rainey specifically refused to consider any evidence related to the opt-in plaintiffs, instead reserving his consideration of their claims for his Decertification Order. *See Reyes v. Texas EZPAWN, L.P.*, F. Supp. 2d 546, 552 (S.D. Tex. 2006). Plaintiffs' cannot reasonably claim that the summary judgment order in the *Reyes* matter has any impact on their claims in light of the fact that only evidence related to Reyes' claim was considered by Judge Rainey in ruling on the motion.

common to all plaintiffs.  FED. R. CIV. P. 20.  Both requirements must be satisfied to support joinder.  *Id.*  If parties are improperly joined, Rule 21 provides that "[a]ny claim against a party may be severed and proceeded with separately."  *Henderson v. AT&T Corp.,* 918 F. Supp. 1059, 1062 (S.D. Tex. 1996).

In support of joinder, Plaintiffs submit the conclusory argument that their claims "share many common issues of law and fact."  *See Docket No. 9 at p. 4.*  To support this argument, Plaintiffs simply recycle the arguments regarding the Plaintiffs' job duties they made in opposition to EZPAWN's Motion for Decertification.  Id. at pp. 4-6.  However, Judge Rainey's decertification ruled that "there is no real commonality among the Plaintiffs in their actual day to day job duties" and that the legal analysis of each plaintiff's misclassification claim requires "an individual, fact-specific analysis of each ASM's job responsibilities."  *See Docket No. 6, Exhibit A at pp. 12-13.*  Though the Plaintiffs would like to mislead the Court into believing that Judge Rainey decertified their claims on "procedural grounds," Plaintiffs simply cannot get around the substantive holding of Judge Rainey's order that the Plaintiffs' claims are not sufficiently similar to proceed as a group.

Additionally, Plaintiffs improperly attempt to shift the burden of proving proper joinder upon EZPAWN by noting that "Defendant cannot demonstrate that joinder was improper."  *Docket No. 9 at p. 6.*  Plaintiffs cannot meet their burden of proving proper joinder by arguing that EZPAWN has failed to show that joinder was improper.  Plaintiffs, not EZPAWN, must show that joinder is proper and they cannot do so by relying on arguments upon which they were unsuccessful in the *Reyes* action.

Consequently, Plaintiffs simply have not met their burden of proving proper joinder and their claims should be dismissed with instructions to file individual actions, as intended by Judge Rainey's decertification order.

III.     Plaintiffs' Efficiency Arguments Have Already Been Rejected

Plaintiffs endeavor to persuade this Court that judicial economy supports joinder of their claims in a single lawsuit. *See Docket No. 9 at pp. 6-7.* In decertifying the collective action in the Reyes matter, Judge Rainey specifically considered and rejected Plaintiffs' efficiency arguments.

Judge Rainey's Decertification Order states:

Plaintiffs contend certification of the class will further judicial economy by preventing over forty individual actions being filed all over Texas and will allow pooling of resources to help Plaintiffs, as a class, vindicate relatively small claims. This benefit, however, must be weighed with all the other factors. In light of the individual analysis each Plaintiffs' claim will require the judicial inefficiency of having essentially forty plus min-trials clearly outweighs any potential benefits in proceeding as a collective action. The Plaintiffs' claims are not amenable to generalized evidence and the Court will not be able to 'coherently manage' the class without potentially prejudicing the parties.

*Docket No. 6, Exhibit A at pp. 14-15.* The Plaintiffs' second lawsuit presents the same procedural and substantive inefficiencies as their first. Because of the individualized nature of each Plaintiff's claims and EZPAWN's defenses thereto, judicial efficiency supports preventing them from joining their claims in a single lawsuit. Moreover, because this issue has already been litigated between these parties, considerations of fairness weigh against allowing Plaintiffs to prevail on issues for which they have previously received an adverse ruling.

In sum, Plaintiffs' judicial efficiency arguments carry no more weight in their forty-one plaintiff lawsuit than they did in their fifty-plus plaintiff collective action. This Court should

disallow Plaintiffs' attempt to avoid the consequences of Judge Rainey's Decertification Order

and dismiss their claims with directions to file individual actions.

CONCLUSION

For the foregoing reasons, as well as those stated in Judge Rainey's Decertification

Order, EZPAWN respectfully requests that the Court dismiss this action and require the

Plaintiffs to file individual actions.

| | |
|---|---|
| Of Counsel:<br>Eve Mantell McFadden<br>State Bar No. 24043800<br>Federal I.D. No. FID 36257<br>LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>1301 McKinney Street<br>Suite 1900<br>Houston, TX  77010<br>713.951.9400 (Telephone)<br>713.951.9212 (Telecopier)<br>and<br>Douglas W. Poole<br>State Bar No. 16115600<br>MCLEOD ALEXANDER POWEL & APPFEL, P.C.<br>802 Rosenberg<br>P.O. Box 629<br>Galveston, Texas 77553<br>409.763.2481 (Telephone)<br>409.762.1155 (Telecopier) | Respectfully submitted,<br><br><br>/s/ *Kerry E Notestine*<br>Kerry E Notestine (Attorney-in-Charge)<br>State Bar No. 15116950<br>Federal I.D. No. FID 2423<br>LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>1301 McKinney Street<br>Suite 1900<br>Houston, TX  77010<br>713.951.9400 (Telephone)<br>713.951.9212 (Telecopier)<br><br><br>ATTORNEYS FOR DEFENDANT<br>TEXAS EZPAWN, L.P. |

## <u>CERTIFICATE OF SERVICE</u>

I certify that I sent a copy of Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss to the following via certified mail, return receipt requested, on April 2, 2007:

Michael A. Josephson
Fibich, Hampton, Leebron & Garth, LLP
1401 McKinney, Suite 1800
Houston, Texas 77010

Kurt B. Arnold
Arnold & Itkin, LLP
1401 McKinney, Suite 2550
Houston, Texas 77002

*/s/ Kerry E Notestine*
Kerry E Notestine

Firmwide:82266696.1 036759.1004