IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HASANI FAISON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-067 |
| | § | |
| TEXAS EZPAWN, L.P., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Hasani Faison and forty-one other current or former assistant store managers of Defendant Texas EZPawn, L.P., bring this action jointly under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Defendant filed a Motion to Dismiss, and Plaintiffs filed a Response. For the reasons articulated below, Defendant's Motion to Dismiss Plaintiffs Claims is **GRANTED** and Plaintiffs claims are hereby **DISMISSED WITHOUT PREJUDICE**.[1]

**I. Background**

Plaintiffs were originally parties in a collective action against Defendant in the United States District Court for the Southern District of Texas, Victoria Division. On January 8, 2007, Judge Rainey issued an order that decertified the FLSA collective action and dismissed all of the claims except for the claim of the named plaintiff, Erasmo Reyes. *See Reyes v. Texas EZPawn, L.P.*, No. V-03-128, 2007 WL 101808 (S.D. Tex. Jan. 8, 2007). The forty-two plaintiffs whose claims were dismissed from that lawsuit filed the instant action. Rather than refiling as an FLSA collective action,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Plaintiffs filed jointly under Federal Rule of Civil Procedure 20.

Defendant claims that Plaintiffs are trying to avoid the holding in Judge Rainey's decertification order, and it moves for the Court to dismiss Plaintiffs' claims under the doctrine of estoppel or under Federal Rule of Civil Procedure 21. Alternatively, Defendant requests that the Court order separate trials of the forty-two claims in accordance with Federal Rule of Civil Procedure 42(b).

Plaintiffs claim that decertification does not require them to file individual lawsuits. Plaintiffs further assert that they are in full compliance with Judge Rainey's order.

## II. Analysis

*A. Estoppel and Rule 20 Joinder*

Defendant first claims that Plaintiffs are estopped from proceeding jointly because Judge Rainey already determined that Plaintiffs' claims "are not amenable to collective treatment." Mot. at 2. In the Fifth Circuit, a party is collaterally estopped from relitigating an issue if

> (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine.

*Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995). "The doctrine of collateral estoppel prevents an issue of ultimate fact that has been determined by a valid and final judgment from being relitigated between the parties in any future lawsuits." *J.M. Muniz, Inc. v. Mercantile Tex. Credit Corp.*, 833 F.2d 541, 544 (5th Cir. 1987).

*1. An issue that was necessary to support Judge Rainey's decertification ruling and dismissal of the collective action plaintiffs is identical to an issue in the instant litigation.*

Plaintiffs join their instant claims under Rule 20, which allows joinder so long as Plaintiffs' claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). While the issue presented in Judge Rainey's court was whether Plaintiffs were "similarly situated" and thus amenable to collective treatment under the FLSA,[2] he undeniably considered and ruled on the same factors considered under Rule 20. Judge Rainey determined that Plaintiffs' claims "'do not present common issues of law and fact arising from the same alleged activity but depend upon varied and sundry activities of individual [] managers of different shops in . . . different locations in Texas.'" *Reyes*, 2007 WL 101808, at *6 (first alteration in original) (quoting *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286, *7 (S.D. Tex. 2005)). Judge Rainey comprehensively analyzed Plaintiffs' allegations that the forty-three claims shared common questions of law and fact and determined that "Plaintiffs' deposition testimony . . . reveals significant differences in each [individual plaintiff's] job duties, discretion, and authority, depending on the practices of individual store managers, store demographics, and location." *Reyes*, 2007 WL 101808, *2–*4 (detailing deposition testimony that indicates a lack of commonality in each plaintiff's degree of discretion and authority and each store's policies). Judge Rainey has clearly already ruled on the commonality factor using language that is identical to the commonality requirement for Rule 20

---

[2]The "similarly situated" inquiry, as applied by Judge Rainey, involves the examination of the following factors: "'(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations.'" *Reyes*, 2007 WL 101808, *2 (alteration added) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001).

joinder, and this Court honors that ruling.[3] Furthermore, upon examining the facts discussed in Judge Rainey's order, this Court is in full agreement with his judgment that the claims should not be tried together.

*2. Plaintiffs vigorously litigated the commonality issue in the prior litigation, and they have shown no special circumstances.*

Judge Rainey's order reveals that the issue was rigorously debated by Plaintiffs in the prior litigation, and the determination of whether Plaintiffs' claims involved common issues was necessary to Judge Rainey's final decision to decertify the FLSA collective action. Furthermore, Plaintiffs have not presented the Court with any special circumstances that indicate it is unfair to apply the doctrine of collateral estoppel. Thus, Plaintiffs are collaterally estopped from joining all **forty-two** individual Plaintiffs into one action under Rule 20.[4]

B. *Severance*

Defendants requested that the Court sever the individual Plaintiffs' claims if it does not dismiss them. The Court finds that the most efficient solution in this instance is to dismiss the claims

---

[3]The Court finds Plaintiffs' tactic clever and gives them an A-plus for zealous advocacy. However, Judge Rainey's Order was clear, concise, and unambiguous. The Court thus declines to redo what he has already done.

[4]The Court makes no determination regarding whether Plaintiffs may file jointly in **much smaller** groups. Often, filing jointly in smaller groups that have more closely related factual scenarios is the most efficient means of proceeding. However, these smaller groups must meet the joinder requirements of Rule 20. Here, the Court finds that there are not questions of law and fact common among all forty-two Plaintiffs to justify joinder of all their claims. Plaintiffs' argument that Judge Rainey never determined that "each individual plaintiff's claims [were] so disparate from every other individual opt-in that no two plaintiffs could ever file their cases in the same suit" is valid. Resp. at 4. However, Plaintiffs did not file a claim joining only two of the dismissed plaintiffs. They filed a claim in which all of the dismissed plaintiffs (save the one who was retained by Judge Rainey) joined their claims. Judge Rainey *did* determine that this large group's claims were too disparate to try together.

so that Plaintiffs may consider the appropriate venue for each claim or each small set of claims before refiling.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 10th day of May, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge