IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HASANI FAISON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-067 |
| § | |
| TEXAS EZPAWN, L.P., § | |
| § | |
| Defendant. § | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiff Hasani Faison and forty-one other current or former assistant store managers of Defendant Texas EZPawn, L.P., bring this action jointly under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Defendant filed a Motion to Dismiss, and Plaintiffs filed a Response. This Court issued an Order in which it dismissed Plaintiffs' claims without prejudice. The Court did not address the issue of the Statute of Limitations in said Order. Plaintiffs now move for the Court to equitably toll the statute of limitations, thus giving Plaintiffs time to refile without losing their claims.[1]

Limitations periods are "customarily subject to 'equitable tolling,'" but such a remedy is extended "only sparingly." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95, 111 S. Ct. 453, 457 112 L. Ed. 2d 435 (1990) (citation omitted). Generally, courts are willing to toll the statue of limitations if the plaintiff has "actively pursued his judicial remedies by filing a defective pleading

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

during the statutory period," or if "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96, 111 S. Ct. at 458.  Here, the former applies.  Plaintiffs timely filed their lawsuits during the statutory period, and their claims were dismissed not because of a lack of "due diligence" on their part, *id.*, but rather because their claims were not similar enough to be joined under Rule 20 or as an FLSA collective action. *See Faison v. Texas EZPawn, L.P.*, No. 3:07-CV-00067 (S.D. Tex. May 11, 2007) (order granting Defendant's Motion to Dismiss); *Reyes v. Texas EZPawn, L.P.*, No. V-03-128, 2007 WL 101808 (S.D. Tex. Jan. 8, 2007).  The Court thus finds that tolling the statue of limitations in this circumstance is a valid use of its equitable powers.[2]

Rather than reinstating the prior claim, as Plaintiffs request, the Court finds that the best way to effectuate this tolling is to amend its prior Order.  Thus, this Court's Order Granting Defendant's Motion to Dismiss, dated May 11, 2007, is hereby **AMENDED**.  The following sentence shall be inserted after the first sentence in Section III of said Order:

> The Court hereby uses its equitable powers to toll the statute of limitations for thirty days. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95, 111 S. Ct. 453, 457 112 L. Ed. 2d 435 (1990) ("Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'" (citation omitted)).

The remainder of said Order shall remain unchanged.

Plaintiffs also request that the Court reinstate the claims of the eleven individuals who reside in the Southern District of Texas.  These eleven individuals are free to file another case in the Southern District of Texas as a group, but they must show that the eleven individuals meet the

---

[2]Defendant has not yet responded to Plaintiffs' Motion for Reconsideration.  However, the Court never intended to leave Plaintiffs without claims due to the running of the statute of limitations and thus finds it best to address Plaintiffs' concerns quickly.  The Court cannot imagine that Defendant would seriously object to the result reached in this Order.

requirements for joinder under Rule 20. *See Faison* at 4 n.4, No. 3:07-CV-00067 (S.D. Tex. May 11, 2007) (order granting Defendant's Motion to Dismiss).  Thus, the portion of Plaintiffs' Motion for Reconsideration requesting a reinstatement of any or all of Plaintiffs' claims is **DENIED**.

Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 21st day of May, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge